McILVAINE et al. *v.* FRANKLIN.

In an action to render a defendant liable for goods sold to a partnership of which it is alleged that he was a member, another partner is incompetent as a witness for the plaintiff, to prove the partnership. The witness is interested to charge the defendant.

Where interrogatories to be propounded to a witness under a commission are submitted to the opposite party, and the latter propounds no cross-interrogatories, but writes at the foot of the plaintiff's interrogatories "legal objections reserved," the reservation will authorise an objection afterwards to the admissibility of the evidence on the ground of interest in the witness.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Stockton* and *Steele*, for the appellants, contended that any objection to the witness examined under commission, on the ground of interest, should have been made when the interrogatories were in the hands of the party for the purpose of preparing his cross-interrogatories, citing 3 Rob. 275; 11 Rob. 467.

*Stewart*, for the defendant. In no case can a partner prove a partnership. Even if allowed to prove a debt due by the firm, he cannot prove that others composed the partnership. It would be a clear case of interest. The partnership must be established *aliunde*. Phillips on Evid. Cow. & Hill's notes, vol. 3, pp. 1520, 1521. Ib. vol. 2, pp. 111, 172, 173. Greenleaf Ev. § 177, 356.

The judgment of the court was pronounced by

SLIDELL, J.*  The plaintiffs allege that the defendant was a member of the commercial firm of *Franklin & Routh*, and as such liable to them, *in solido*, for the price of certain merchandise sold in Kentucky to the partnership, acting by *Routh* on its account. At the trial of the cause the testimony of *Routh* was offered in evidence, to prove the sale of the merchandise to *Routh*, in *Routh's* name, the existence of the partnership, that the purchase was made for the use of the partnership, and that the partnership received and used the goods. The defendant excepted to the competency of *Routh* to prove the partnership; and the court below rejected so much of the testimony as went to prove the existence of the partnership. Without the testimony of *Routh* there is no evidence of the existence of the partnership. A judgment of non-suit was rendered.

We think the court below did not err in sustaining the exception. It was the interest of the witness to charge the defendant in this suit, by testifying in favor of the party calling him. The point is one which has been much discussed, but the weight of authority is against the competency. See the cases of *Marquand* v. *Webb*, 16 Johnson, 89. *Columbian Manufac. Co.* v. *Dutch*, 13 Pick. 128. *Purviance* v. *Dryden*, 3 Sug. & Rawle, 402. 2 De Saussure, 43. The doctrine is not peculiar to american courts, but is supported by the english authorities.

It is said by the plaintiffs that the defendant had lost the right of excepting at the trial to the testimony of *Routh*, because he did not make the specific objection when the interrogatories were served upon him, preparatory to the execution of the commission. The defendant declined propounding cross-interrogatories, writing at the foot of plaintiff's interrogatories "legal objections reserved." We deem this reservation sufficient to authorise the specific exception at the trial. Such, we believe, has been the general understanding of the bar; and we are not aware of any provision in the Code of Practice, nor of any authority, to the contrary.                    *Judgment affirmed.*

---

* EUSTIS, C. J., did not sit in this case, having been of counsel.